IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIN STOVALL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEW JERSEY MANUFACTURERS<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CIVIL ACTION<br>NO. 25-2113 |
| AMIN STOVALL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEW JERSEY MANUFACTURERS<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CIVIL ACTION<br>No. 25-2114 |

<u>OPINION</u>

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 1, 2025

### I.　INTRODUCTION

These cases involve claims for underinsured motorist benefits ("UIM") resulting from two car accidents in which Plaintiff Amin Stovall ("Plaintiff") was involved. The UIM claims are brought against his insurance company, New Jersey Manufacturers Insurance Company ("Defendant"). Both cases, referred to generally as (1) the 2019 accident case and (2) the 2023 accident case, were originally filed in the Philadelphia County Court of Common Pleas. On April 28, 2025, Defendant removed the cases to federal court based on diversity of citizenship jurisdiction.

1

On May 28, 2025, Plaintiff filed Motions to Remand both cases to state court. In doing so, Plaintiff seeks to enforce forum selection clauses contained in his insurance policies, which provide as follows:

> . . . Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which your address shown on the Policy Declaration is located.

(Doc. No. 9-6 at 19, Arbitration Section D.)

Under the terms of these clauses, Plaintiff wants his cases to remain in Philadelphia County and therefore filed the Motions to Remand.

Unfortunately, Plaintiff has waived the enforceability of the 2019 insurance policy's forum selection clause because it required him to file his case in Delaware County, Pennsylvania, which he did not do. As to the 2023 accident case, because this federal court is located in the same county as Plaintiff's address on the Policy Declaration, that is, Philadelphia, the 2023 accident case is properly before this federal court.

Thus, Plaintiff's Motions to Remand (Civ. No. 25-2114 at Doc. No. 9; Civ. No. 25-2113 at Doc. No. 10) will be denied.[1]

## II.    BACKGROUND

Before the Court are two Motions to Remand Plaintiff Amin Stovall's ("Plaintiff") cases to state court. (Civ. No. 25-2114 at Doc. No. 9; Civ. No. 25-2113 at Doc. No. 10.) On March 24, 2025, Plaintiff initiated the two cases in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Defendant New Jersey Manufacturers Insurance Company ("Defendant"). (Doc. No. 9 at ¶¶ 1-2.) The two cases involved motor vehicle accidents occurring on January 20,

---

[1] Plaintiff also asserts two other grounds for remand. The first ground, that the forum selection clauses are ambiguous, is unavailing. The second ground, unconscionability, is also without merit.

2019, and October 28, 2023. (Id.) The Complaints in both cases seek coverage under the automobile insurance policies for underinsured motorist ("UIM") benefits. (Doc. No. 9-1 at ¶ 18; Doc. No. 9-2 at ¶ 18.) The policies were in effect during both accidents. (Doc. No. 9-6.)

Regarding the January 20, 2019 accident, a tortfeasor collided with Plaintiff's vehicle while he was driving in Philadelphia, injuring Plaintiff. (Doc. No. 9-1 at ¶¶ 5-9.) A different tortfeasor crashed into Plaintiff's vehicle on October 28, 2023, causing similar injuries. (Doc. No. 9-2 at ¶¶ 5-9.) Each tortfeasor lacked sufficient insurance coverage to compensate Plaintiff for his injuries. (Doc. No. 9-1 at ¶ 20; Doc. No 9-2 at ¶ 20.) So Plaintiff made claims for underinsured motorist coverage with Defendant. (Doc. No. 9-1 at ¶ 21; Doc. No. 9-2 at ¶ 21.) Because Defendant would not pay Plaintiff the amount of money he sought, he filed both suits in Philadelphia County. (Doc. No. 9-1 at ¶ 23; Doc. No. 9-2 at ¶ 23.)

On April 21, 2025, the Philadelphia Court of Common Pleas granted Plaintiff's motion to consolidate the two cases. (Doc. No. 9 at ¶ 5.) On April 28, 2025, Defendant removed the cases to federal court pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). [2,3] (Civ. No. 25-2114 at Doc. No. 1; Civ. No. 25-2113 at Doc. No. 1.)

---

[2]   28 U.S.C. § 1441(a) provides:

    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3]   28 U.S.C § 1332(a) provides:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
        (1) citizens of different States . . . .

3

On May 28, 2025, Plaintiff filed timely Motions to Remand both cases to the Philadelphia County Court of Common Pleas.[4] (Civ. No. 25-2114 at Doc. No. 9; Civ. No. 25-2113 at Doc. No. 10.) In his Motions, Plaintiff makes three arguments in favor of remand. First, the forum selection clauses do not allow Defendant to remove these cases because the policies strictly stipulate where claims can be brought, which Plaintiff asserts is Philadelphia County. (Doc. No. 9 at ¶ 11.) He relies on both forum selection clauses in the policies, which read as follows:

> . . . Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which your address shown on the Policy Declaration is located.

(Doc. No. 9-6 at 19, Arbitration Section D.) The "address shown on the Policy Declaration" for the 2023 insurance policy is 6414 N. 21st Street, Philadelphia, PA 19138, which is located in Philadelphia County. (See Doc. No. 9-6 at 4.) The address on the 2019 Policy Declaration, however, is 1120 Bell Ave., Apt. B, Yeadon, PA 19050, which is located in Delaware County, Pennsylvania.[5] (See Doc. No. 10-4.)

Second, because the forum selection clauses do not mention federal court or removal, Plaintiff contends the clauses are ambiguous and they must be construed in favor of the insured. (Id. at ¶¶ 12-14, 22.) And third, the forum selection clauses, when used in conjunction with the removal statute, are unconscionable because they allow Defendant to remove cases to avoid plaintiff-friendly counties, but they do not allow Plaintiff to remain in such counties. (Id. at ¶ 16.)

---

[4] Pursuant to 28 U.S.C. § 1447(c), a motion to remand must be made within thirty (30) days after the filing of a notice of removal. Plaintiff's Motions to Remand were timely filed.

[5] As discussed further below, Plaintiff did not attach the 2019 insurance policy and Policy Declaration to his Motion to Remand. He only attached the 2023 policy and Policy Declaration which states his address as being located in Philadelphia County.

4

On June 11, 2025, Defendant filed its Opposition to the Motions to Remand. (Doc. No. 10.) In the Opposition, Defendant asserts that the insurance policies provide geographic locations for lawsuits, and this requirement must be followed. (Id. at ¶ 11-12.) The 2019 accident case should have been filed in Delaware County, but it was not. (Doc. No. 10-1 at 5.) The 2023 accident case was properly filed in Philadelphia County, and removal to federal court was proper because the federal courthouse is located in Philadelphia County. (Id. at 4-5.) Defendant also submits that the forum selection clauses are not ambiguous or unconscionable. (Id. at 5-7.)

Plaintiff's Motions to Remand are now ripe for disposition. For the following reasons, Plaintiff's Motions to Remand (Civ. No. 25-2114 at Doc. No. 9; Civ. No. 25-2113 at Doc. No. 10) will be denied.

### III.   STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." [6] In re Briscoe, 448 F.3d 201, 215 (3d

---

[6]   Diversity of citizenship jurisdiction in federal court has its genesis in Article III, Section 2 of the United States Constitution, which provides that: "The judicial power shall extend . . . to controversies between citizens of different states . . . ." Diversity of citizenship jurisdiction has been codified in 28 U.S.C. § 1332(a), which, as quoted earlier, provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a).

Cir. 2006) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)).

A plaintiff may challenge removal to federal court by filing a motion to remand the case to state court. 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Id. Remand to state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).

## IV.    ANALYSIS

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is present here and allowed Defendant to remove these cases to federal court. Plaintiff is a citizen of Pennsylvania, Defendant is a citizen of New Jersey, and the amount in controversy exceeds $75,000. (Doc. No. 1 at 3.) And these cases will remain in this Court because: (1) as to the 2019 policy, Plaintiff waived his ability to challenge the forum selection clause because he filed the case in the incorrect forum given the address listed on the Policy Declaration, and (2) as to the 2023 policy, the forum selection clause is enforceable and allows Defendant to remove this case to federal court. Each ruling will be discussed in turn.

### A.    Regarding the 2019 Accident Case, Plaintiff Waived Any Enforcement of the Forum Selection Clause by Commencing the Case in the Court of Common Pleas of Philadelphia County

Plaintiff has waived any enforcement of the forum selection clause in E.D.P.A. Case No. 25-2113, which involves the 2019 car accident and the corresponding 2019 insurance policy. In the Opposition to the Motion to Remand, Defendant notes that Plaintiff's 2019 Policy Declaration lists his address as 1120 Bell Ave., Apt. B, in Yeadon, Pennsylvania, which is located in Delaware County. (Doc. No. 10-1 at 5; Doc. No. 10-4 at 2.) As a result, if the forum selection clause was followed, Plaintiff's first UIM claim resulting from his 2019 accident should have been brought in

6

state court in Delaware County. However, Plaintiff filed both his cases for the 2019 accident and the 2023 accident in the Philadelphia County Court of Common Pleas. For a number of reasons, filing the 2019 case in Philadelphia County invalidates Plaintiff's attempt here to enforce the 2019 insurance policy's forum selection clause and have the case remanded to state court in Philadelphia County.

First, Plaintiff has waived his ability to challenge the forum selection clause because he filed suit for the 2019 accident in the Court of Common Pleas of Philadelphia County, which is the incorrect venue according to the forum selection clause in the insurance policy. As noted, the Policy Declaration lists Plaintiff's address as 1120 Bell Ave., Apt. B, Yeadon, Pennsylvania 19050. (Doc. No. 10-4 at 2.) Consequently, his case should have been filed in state court in Delaware County. As such, "when a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause on the claims it pursues." See Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001); see also Dart Mech. Corp. v. Johnson Controls, Inc., No. 13-CV-2941JS WDW, 2013 WL 5937424, at *2 (E.D.N.Y. Nov. 4, 2013) (finding that the plaintiff waived right to invoke forum selection clause after commencing action in wrong forum). By failing to bring the 2019 claim in Delaware County as required by the forum selection clause, Plaintiff cannot now enforce the clause in support of his Motion to Remand.

Second, this Court does not have the authority to remand Plaintiff's 2019 case to Delaware County. It may only remand a case to the state court from which the case originated. See Allied Signal Recovery Tr. v. Allied Signal, Inc., 298 F.3d 263, 270 (3d Cir. 2002) (concluding that "the sending of a case to a stranger court [on a motion to remand] is clearly an unauthorized exercise of judicial power"); see also 28 U.S.C. 1447(d) (requiring that a federal court remand the case to

7

the state court "from which it was removed"). Thus, this Court would only have the authority to remand the case to the Philadelphia County Court of Common Pleas because that is where the case was removed from, not the Delaware County Court of Common Pleas. But for reasons stated supra, the forum selection clause has been waived by Plaintiff's decision to file suit in the incorrect county. Therefore, it is no longer applicable here, and, upon removal from state court, this Court would be a proper venue to preside over the case based on diversity of citizenship jurisdiction.

For these two reasons, the Motion to Remand the 2019 case (Civ. No. 25-2113 at Doc. No. 10) will be denied.

### B. Regarding the 2023 Accident Case, Defendant Properly Removed the Case to this Federal Court Because it Sits in the County Where the Case was Filed

Under the 2023 insurance policy, removal is proper under the plain terms of the forum selection clause, which again provides as follows:

> . . . Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which your address shown on the Policy Declaration is located.

(Doc. No. 9-6 at 19, Arbitration Section D.) Plaintiff's address on the Policy Declaration is a Philadelphia County address: 6414 N. 21st St., Philadelphia, PA 19138. (Doc. No. 9-6 at 4.) This federal Court sits in Philadelphia County, so Defendant may remove the case here.

Forum selection clauses permit removal to federal court if the federal courthouse is physically located in the specified jurisdiction. See Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Local Union 348 v. Koski Const. Co., 474 F. Supp. 370, 371-72 (W.D. Pa. July 27, 1979) (finding removal proper because the forum selection clause permitted litigation in any courthouse within the county, and a federal courthouse sat in the county); Little League Baseball, Inc. v. Welsh Publ'g Grp., Inc., 874 F. Supp. 648, 655-56 (M.D. Pa. Feb. 1, 1995) (holding removal proper because the forum selection clause allowed venue throughout Pennsylvania).

And most notably, in <u>Bartels v. Saber Healthcare Grp., LLC</u>, a decision from the Fourth Circuit Court of Appeals, the forum selection clause read: "[T]he county in which the Facility is located shall be the sole and exclusive venue for any dispute between the parties." 880 F.3d 668, 671 (4th Cir. 2018). In <u>Bartels</u>, the plaintiff argued that if a federal courthouse sat in the county where the facility was located, then removal would be valid, but if there was no federal courthouse in the county where the facility was located, then removal would be invalid. <u>Id.</u> at 674. Examining the plain language of the forum selection clause, the Fourth Circuit adopted the plaintiff's position, and, unlike in the instant case, the county in which the case was filed did not have a federal courthouse. <u>Id.</u> at 672. As a result, the Fourth Circuit held that the case could not remain in federal court and remanded it to state court. <u>Id.</u> at 682.

Here, the forum selection clause does not set venue in a specific geographic location. It again reads as follows:

> . . . Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which your address shown on the Policy Declaration is located.

(Doc. No. 9-6 at 19, Arbitration Section D.) This provision designates the appropriate forum based on where the address of the individual policyholder is located. Thus, because Plaintiff's address listed on the Policy Declaration in the 2023 insurance policy is located in Philadelphia County, and the Eastern District of Pennsylvania has a courthouse in Philadelphia County, removal was proper, and this Court has jurisdiction over the case based on diversity of citizenship jurisdiction.

**C.    The Language of the Forum Selection Clauses Are Not Ambiguous**

Alternatively, Plaintiff contends that the language of the forum selection clauses are ambiguous and should therefore be construed in Plaintiff's favor. (Doc. No. 9 at 12-14, 22.) He asserts that the ambiguity arises from the fact that the federal court is not referred to in the clauses. This argument, however, is without merit.

9

Because courts defer to forum selection clauses, they are cautious to declare them ambiguous.  In Wall St. Aubrey Golf, LLC v. Aubrey, the Third Circuit interpreted a forum selection clause stating that "[t]his Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania."  189 F. App'x. 82, 84 (3d Cir. 2006).  The appellant claimed that the language was ambiguous because the contract did not contain terms such as "exclusive" or "sole."  Id. at 85-86.  However, the Third Circuit held that the language was not ambiguous; rather, the contract's basic language admitted that the parties could exclusively litigate in Butler County.  Id.  Although the Western District of Pennsylvania had jurisdiction over Butler County, the Third Circuit found that court could not hear the case because the federal courthouse was not physically located in the county.  Id. at 87.

The Fourth Circuit also addressed an ambiguity argument in Bartels, finding that the plain language of the clause was clear.  Bartels, 880 F.3d at 674.  The clause, stating that the county where the facility is located is to be the "sole and exclusive venue" for litigation, was not open to multiple interpretations and did not allow the defendant to remove to federal court.  See id.  Other circuits have held the same.  See Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (finding forum selection clause restricting venue to a specific county in New York was unambiguous).

Here, the forum selection clauses are not open to different interpretations.  The plain language of the clauses provide that the cases may be heard in a court in the county of the insured's address listed on the Policy Declaration.  And a reasonable reader of the clauses would unambiguously conclude that venue would be proper in any court in the county where the individual's address is located.  If there is a federal courthouse in the county that coincides with the address on the Policy Declaration, the case can be heard in that federal court.  If there is no federal courthouse in the county that coincides with the address on the Policy Declaration, the case

10

cannot be heard in federal court. And despite Plaintiff's argument, the clauses are not ambiguous even though they do not mention the removal statute or federal court. Accordingly, the forum selection clauses are not ambiguous.

### D. The Language of the Forum Selection Clauses are not Unconscionable

Finally, Plaintiff argues that the forum selection clauses, when used together with the removal statute, are unconscionable because they allow Defendant to remove a case to avoid plaintiff-friendly counties, but do not allow Plaintiff to remain in such counties.

Forum selection clauses found in adhesion contracts are subject to judicial scrutiny for fundamental fairness, but courts may find the clauses permissible even without any bargaining between parties. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991) (finding non-negotiated forum selection clause valid because company had special interest in limiting forum options and clause dispelled confusion).

And "[a]lthough federal law is applied to determine whether or not to give effect to a forum selection clause . . . state law may apply when evaluating whether or not the terms of the contract are unenforceable as unconscionable." Evans v. Linden Rsch., Inc., 763 F. Supp. 2d 735, 739 (E.D. Pa. Feb. 3, 2011) (citing Feldman v. Google, Inc., 513 F. Supp. 2d 229, 235 (E.D. Pa. Mar. 29, 2007)). Under Pennsylvania law, a contract term is unconscionable only if it is both procedurally and substantively unconscionable. Denlinger, Inc. v. Dendler, 608 A.2d 1061, 1068 (Pa. Super. Ct. 1992). To establish procedural unconscionability, the party signing the contract must have lacked a meaningful choice when accepting the term. Id. To establish substantive unconscionability, the contract term must unreasonably favor the enforcing party. Id.

Insurance contracts are typically considered adhesion contracts, as the parties do not possess equal bargaining power, and the buyer cannot negotiate the terms of the form contract. Bishop v. Washington, 480 A.2d 1088, 1094 (Pa. Super. Ct. 1984). However, such contracts are

not inherently unconscionable and unenforceable.  Salley v. Option One Mortg. Corp., 925 A.2d 115, 127 (Pa. 2007); see also Wolfe v. TBG Ltd., No. 13-3315, 2014 WL 325637, at *5 (E.D. Pa. 2014) (holding forum selection clause enforceable despite absence of negotiations).  In Wolfe, the court held that "the placement of a forum selection clause in a non-negotiated contract does not render it unreasonable."  2014 WL 325637, at *4.

    Here, Plaintiff fails to allege sufficient facts to support a finding of procedural unconscionability.  The contracts are not unconscionable simply because Plaintiff did not have an opportunity to negotiate terms.  Plaintiff does not claim the use of high-pressure tactics or external pressures by Defendant.  Plaintiff understood the contracts' terms, freely consented to the terms, and had an opportunity to reject the terms.  See Feldman, 513 F. Supp. 2d at 241.  And notably, Plaintiff agreed to the same language in the 2023 insurance policy that was in the 2019 insurance policy.

    Likewise, Plaintiff has not established substantive unconscionability.  Plaintiff claims that the agreements are unfair because they allow Defendant to remove a case to federal court, but prevent an insured party from litigating in its chosen venue.  However, when there is diversity of citizenship jurisdiction, a federal forum becomes a proper court in which to litigate a case.  This result is in accordance with law and does not unreasonably favor a defendant.  Because the forum selection clauses in this case are neither procedurally nor substantively unconscionable, they are enforceable, and the cases shall remain in this Court.

## V.  CONCLUSION

    For the foregoing reasons, Plaintiff's Motions to Remand (Civ. No. 25-2113 at Doc. No. 10; Civ. No. 25-2114 at Doc. No. 9) will be denied.  An appropriate Order follows.